The relief described hereinbelow is SO ORDERED

Done this 7th day of August, 2018.



**William R. Sawyer**
**United States Bankruptcy Judge**



_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

**In Re:**  Case No:  16-81559-WRS

**Willie D. Davis, Jr.**
**SSN:  xxx-xx-8796**
**Geneva Horace Davis**
**SSN:  xxx-xx-4395**

   **Debtors**

### ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY
### FILED BY SN SERVICING CORPORATION AS SERVICER FOR US BANK
### NATIONAL ASSOCIATION, AS TRUSTEE OF THE PRP II PALS
### INVESTMENTS TRUST

   This matter coming before the Court on the Motion for Relief from Automatic Stay filed by SN SERVICING CORPORATION AS SERVICER FOR US BANK NATIONAL ASSOCIATION, AS TRUSTEE OF THE PRP II PALS INVESTMENTS TRUST (hereinafter "Creditor"), and this Court being informed of the agreement of the parties hereto, it is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. The post-petition mortgage payments through July 2018 plus the attorney fees and costs in connection with Creditor's Motion for Relief from Stay are calculated below:
   | | |
   |---|---|
   | 3 payments @ $475.50 for 05/18 to 07/18: | $1,426.50 |
   | Attorney Fees and Costs for MFR: | $831.00 |
   | Late Charges: | $166.46 |
   | Less Suspense: | ($471.30) |
   | Total: | $1,952.66 |

2. The Creditor shall file an amended pre-petition and post-petition claim for the **TOTAL ARREARAGE** of $5,664.69.

3. The Chapter 13 Plan payments are hereby set at $1,200.00 MONTHLY.

4. The fixed payments to the Creditor is $80.00.

5. The Motion for Relief from Stay filed by SN SERVICING CORPORATION AS SERVICER FOR US BANK NATIONAL ASSOCIATION, AS TRUSTEE OF THE PRP II PALS INVESTMENTS TRUST is hereby conditionally denied. However, should the Debtors default under the mortgage agreement between the parties beginning August 2018, the Motion for Relief from Stay is granted if the Creditor gives the Debtors and the Debtor's attorney twenty (20) days written notice of opportunity to cure. If the default is not cured within twenty (20) days from the date the notice is issued, then the stay shall lift without further Order from the Court. Further, the Creditor is allowed to communicate with the Debtors any communication required under the note and mortgage or under state law. Waiver of default shall not constitute waiver of subsequent default. The Debtors are responsible for reasonable attorney fees involved in the enforcement of this Order.

6. If relief from the automatic stay under 11 U.S.C. § 362 becomes effective, this Creditor is thereafter entitled to enforce any and all of its right, title, interest in and to the subject property under applicable non-bankruptcy law. The filing and service of Notice of Payment Change and/or Notices of Post-Petition Fees, Expenses, and Charges, as described by FRBP 3002.1(b) and FRBP 3002.1(c) are not required once relief from the automatic stay under 11 U.S.C. § 362 is triggered and becomes effective. Upon entry of this Order granting relief from the automatic stay under 11 U.S.C. § 362, the 14-day stay of Rule FRBP 4001(a)(3) is waived.

### END OF ORDER ###

This document was prepared by:
Stephen Bulgarella, Esq.
Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, Alabama  35205
Telephone: 205-918-5083 / Fax: 205-212-2874
sbulgarella@sirote.com

This Order was approved by the Debtor's Attorney, America A. Cross and Sabrina L. McKinney, Standing Trustee.